**No. 60604.**—International Expediters, Inc. *v.* United States, protest 144950–K/ 1953 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of meat-slicing machines similar in all material respects to those the subject of *Davies Turner & Company* v. *United States* (33 Cust. Ct. 278, C. D. 1665), the claim of the plaintiff was sustained.

**No. 60605.**—Durst Mfg. Co., Inc., et al. *v.* United States, protests 229222–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of ball cock assemblies, which are constituent and integral parts of toilet-box assemblies, the same in all material respects as those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (36 Cust. Ct. 220, C. D. 1778), the claim of the plaintiffs was sustained. Protest 251653–K, insofar as it relates to entry 770813, having been abandoned, was dismissed.

BEFORE THE THIRD DIVISION, APRIL 4, 1957

**No. 60606.**—Gehrig, Hoban & Co., Inc. *v.* United States, protest 275343–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issue herein is similar in all material respects to that involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise, consisting of nine fishing reels missing from case No. 105, was not in fact imported. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon the said nine fishing reels missing from case No. 105. The protest was sustained to this extent.